# SUPERIOR COURT

Jesse Silva
vs.  No. 1071
George Mills, alias

RESCRIPT

January 7, 1925

BAKER, J. Heard on defendant's motion to release an attachment.

In this case, which sounds in tort, the defendant's property was attached by virtue of an affidavit setting forth that at the time of the commencement of the suit he was non-resident of this State. Thereafter the defendant entered an appearance and filed pleas and later filed this motion to release the attached property on the

ground that at the time the suit was started he was not a non-resident but was, as a matter of fact, a resident of Washington County in this State.

The plaintiff objects to the granting of the motion on two grounds: First, that the court has not jurisdiction to grant such a motion; and, secondly, that the testimony taken at the hearing on the motion shows that the defendant was a non-resident at the time the suit was started.    In regard to the first objection the plaintiff contends that the defendant should have raised this question by plea in abatement or by some proceedings taken to quash the writ and that he can not do so by motion after he has entered an appearance and filed pleas. The court believes that the plaintiff's contention in this regard would be correct if the defendant was seeking to quash the proceedings. The court does feel, however, that it has jurisdiction to entertain such a motion as the defendant filed.

Ruling Case Law, Vol. 2, Section 89, Page 875:

> "A majority of the cases hold that by making an appearance and pleading the defendant is estopped from moving to quash the writ but not from moving to quash the levy."

See also Section 84 at page 871.

The court is, therefore, of the opinion that it can properly entertain the motion and has jurisdiction to grant the motion if the facts in the case support it. The defendant, having entered an appearance and filed pleas, has, of course, submitted himself to the jurisdiction of the court and the proceedings in the case could not in any way be quashed or abated, but the court believes that, if the facts justify, the attachment in the case could be released on motion.

Evidence was taken at the hearing on the question of the defendant's residence. It is clear from some authorities that mere absence from the State constitutes non-residence within the meaning of attachment statutes.    The court does not believe, however, that in this State such is the law.    The court is of the opinion that in addition to absence there must be the more or less definite intention not to return. A careful examination of the evidence presented at the hearing shows that the plaintiff was absent from the State traveling in the West for something more than four months.    The testimony showed that his son was in the West and that he had friends in the West. He owned property in this State which he left here at the time he left. His wife and grandson remained on his farm. He sent them money from time to time. Taking all the testimony on the question into consideration, the court believes that the fair preponderance of such evidence showed that the defendant did not leave this State with the intention of remaining away permanently.    That being so, under the construction which the court places upon the term "non-resident" in the statute relating to the issuing of writs of attachment in a case such as this, the court is of the opinion that the defendant's property was improperly attached.

The defendant's motion to release the attachment is granted.

For Plaintiff:  James D. Watts.

For Defendant:  B. W. Grim.